VINCENT MEEHAN *v.* WELFARE COMMISSIONER

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 269

Argued June 16—decided October 22, 1976

*Douglas M. Crockett,* for the appellant (plaintiff).

*Edward F. Pasiecznik,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (defendant).

PER CURIAM. The parties stipulated that this appeal would be taken to this court rather than to the Supreme Court in accordance with General Statutes § 52-6a.

The plaintiff, who resides in a convalescent home, was found eligible for medical assistance benefits starting January 1, 1974, under Title XIX of the Social Security Act. 42 U.S.C. § 1396 et seq. He was also found eligible, effective that date, to receive a supplementary security income benefit of $25 per month under 42 U.S.C. § 1382 (e) (1) (B) (i) (Sup. 2, 1972). For the months of January, February, and March, 1974, the commissioner determined that $19.50 of the $25 benefit would be available for payment of the bill for care of the plaintiff at the convalescent home, and that the balance of $5.50 would be allowed him for his personal expenses, such as clothing and other items. As a result of a federal regulation published on March 11, 1974, by the department of health, education and welfare; 45 C.F.R. § 248.3 (b) (4) (i); the commis-

sioner changed his position and allowed the plaintiff to retain the entire $25 monthly payment for his personal use.

In effectively depriving the plaintiff of $19.50 of the monthly supplementary security income benefit the commissioner relied upon General Statutes § 17-82d, which requires him to consider the income and resources of each applicant in determining the amount of assistance to be awarded.[2] Having concluded that $5.50 was sufficient for the personal needs of the plaintiff, the commissioner decided that the balance of the payment was income available to the plaintiff which could be applied to the cost of his care in the nursing home.

General Statutes § 17-134b obligates the commissioner to provide medical assistance "for any otherwise eligible person whose income . . . is not more than the minimum income permissible under federal law for such eligibility. Any income in excess of the applicable amounts shall be applied as may be required by said federal law, and assistance shall be granted for the balance of the cost of authorized medical assistance."

The legislative history of the supplemental security income provision indicates that it was enacted to provide institutionalized recipients of social security benefits with money to purchase small comfort items not supplied by the institution. Senate Report No. 1230, 92d Cong. 2d Sess., p. 386. "In any case where an eligible individual . . . is, throughout any month, in a . . . nursing home . . . the benefit

---

[2] General Statutes § 17-82d provides, in relevant part: "The commissioner shall grant aid only if he finds the applicant eligible therefor, in which case he shall grant aid in such amount . . . as is needed in order to enable the applicant to support himself . . . in health and decency, including the costs of such medical care as he deems necessary and reasonable . . . . The commissioner shall in determining need, take into consideration any available income and resources of the individual claiming assistance. . . ."

under this subchapter for such individual for such month shall be payable – (i) at a rate not in excess of $300 per year (reduced by the amount of any income not excluded pursuant to section 1382a (b) of this title) . . . ." 42 U.S.C. § 1382 (e) (1) (B) (i) (Sup. 2, 1972). It is undisputed that the plaintiff qualified for the full $300 payment under that provision. Since the statute provides for a reduction in the amount of the payment for persons having other sources of income, it is clear that this federal stipend was intended as a minimum allowance for the personal use of eligible recipients. Obviously, such a payment, established by a federal enactment, could not constitute income greater than the "minimum income permissible under federal law" for eligibility for medical assistance. General Statutes § 17-134b. It would be inconsistent with the purpose of the federal legislation to allow all but a minor portion of this payment to inure to the benefit of the state by reducing the amount of its medical assistance obligation.

Furthermore, the federal regulation which caused the commissioner to abandon on April 1, 1974, the position he has taken in this litigation must be presumed to have been consistent with the intention of the statute, since its validity, which is not contested, would otherwise be subject to challenge. 42 U.S.C. § 1302. The fact that no attempt has been made by Congress to amend the regulation since it was issued indicates that this interpretation of the statute by the agency has received legislative approval. *Laycock* v. *Kenney,* 270 F.2d 580, 589 (9th Cir.).

There is error, the judgment is set aside and the case is remanded to the Court of Common Pleas with direction to sustain the plaintiff's appeal.

PARSKEY, D. SHEA and SPONZO, Js., participated in this decision.